PONDER, Judge.
This is a suit in contract for costs of “extras” of a building contract. The trial court found for plaintiff and defendant appealed.
The issues are the validity of the exception of prematurity; sufficiency of the proof of the “extras”; and possibility of double recovery.
We amend and affirm.
Plaintiff, Pete Hirschey, was an assignee of a building contract between defendant, Sherman A. Bernard, and builder, Kenneth Hirschey. In order to obtain financing, defendant signed and recorded a “Builder’s Contract” as both owner and builder. He then sublet the entire contract for $85,-005.61. During the construction various changes necessitating some extra labor and material were made. According to plaintiff, the cost of these “extras” raised the price to $97,113.08. Acknowledging liability for some extras, defendant paid a total of $90,000.59 but denied liability for the remaining amount.
Defendant filed an exception of “Prematurity and No Right of Action”. The substance of the exception was that a clear lien certificate on the contract was a condition precedent to final payment. The trial court overruled the exception. We agree. The conditions of the contract were substantially met prior to the filing of suit. Defendant himself as owner had filed an acceptance. In fact no one had filed a lien.
The contractor has the burden of proof to show that the owner authorized the extra work and materials, that they were furnished and their value. LSA-C.C. Art. 2763, Master Maintenance Engineering Inc. v. McManus, 292 So.2d 284 (La.App. 1st Cir. 1974).
The evidence supports the conclusion that plaintiff met this burden of proof; we find no error.
We believe defendant’s concern that he may face double liability because of his status as both owner and general contractor has merit. Of the $6,078.71 still owing on the construction price, $4,696.78 is due individual subcontractors. He is therefore authorized to pay the judgment as follows:
1. Kenneth Hirschey and Challenge Cabinets $1,656.72
2. Kenneth Hirschey and Alex Sheet Metal 89.00
3. Kenneth Hirschey and Moore's Plumbing 1,230.00
4. Kenneth Hirschey and Sutter Tile 116.48
5. Kenneth Hirschey and Shell Boze 100.00
*1136 6. Kenneth Hirschey and May Bros. 401.50
7. Kenneth Hirschey and A and E Electric 1,103.08
8. Kenneth Hirschey 1,381.93
Judicial interest is to be applied to each sum.
For the above reasons, the judgment of the trial court is amended and as amended is affirmed at appellant’s costs.
AMENDED AND AFFIRMED.